## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CHELSEA MAGEE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action Number:** |
| **vs.** | : | |
| | : | |
| **AMERICAN SENIOR ASSOCIATION** | : | <u>**Jury Trial Demanded**</u> |
| **HOLDING GROUP, INC., PHILLIP** | : | |
| **KENT, and CHRISTOPHER POLK,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, Chelsea Magee, by and through the undersigned counsel, brings this Complaint against Defendants American Senior Association Holding Group, Inc. ("American Senior"), Phillip Kent ("Kent"), and Christopher Polk ("Polk") and pleads as follows:

## INTRODUCTION

### 1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA") to (1) recover due but unpaid overtime pay and an additional like amount as liquidated damages; and

(2) to be reimbursed for her costs of litigation, including her reasonable attorneys' fees.

### 2.

In addition to her federal causes of action, Plaintiff asserts pendent state law claims which arise out of the same set of operating facts as her federal claims. These are (1) breach of contract, and (2) promissory estoppel.

## JURISDICTION AND VENUE

### 3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

### 4.

This Court has supplemental jurisdiction over Plaintiff's state law claims set forth herein arising under Georgia law in accord with 28 U.S.C. §1367 because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because American Senior is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**THE PARTIES**

6.

Plaintiff resides within Clarke County, Georgia.

7.

American Senior employed Plaintiff as a Membership Coordinator in and around Alpharetta, Georgia from November 21, 2011 until April 2, 2013.

8.

At all times relevant to this suit, Plaintiff has been an "employee" of American Senior as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

9.

From on or about November 21, 2011 until April 2, 2013, Plaintiff has been "engaged in commerce" as an employee of American Senior as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

- 3 -

10.

From on or about November 21, 2011 until April 2, 2013, Plaintiff  has been engaged in the "production of goods for commerce" as an employee of  American Senior as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

11.

American Senior is a corporation organized under the laws of the State of Georgia.

12.

At all times material hereto, American Senior has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

13.

From on or about November 21, 2011 until April 2, 2013, American Senior was/is an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

During 2011, American Senior had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, American Senior had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, American Senior had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2011, American Senior had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, American Senior had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, American Senior had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2011, American Senior had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2012, American Senior had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2013, American Senior had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2011, American Senior  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

24.

During 2012, American Senior  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2013, American Senior  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

26.

At all times material hereto, American Senior has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

27.

American Senior is subject to the personal jurisdiction of this Court.

28.

American Senior may be served with process through its Registered Agent, Phil Kent located at 4555 Mansell Road, Suite 120, Alpharetta, Georgia 30022.

29.

Kent resides within Fulton County, Georgia.

30.

At all times material hereto, Kent exercised operational control over the work activities of Plaintiff.

31.

At all times material hereto, Kent was involved in the day to day operation of American Senior in which Plaintiff worked.

32.

At all times material hereto, American Senior vested Kent with supervisory authority over Plaintiff.

33.

At all times material hereto, Kent exercised supervisory authority over Plaintiff.

34.

At all times material hereto, Kent scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

35.

At all times material hereto, Kent exercised authority and supervision over Plaintiff's compensation.

36.

At all times material hereto, Kent has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

37.

Kent is subject to the personal jurisdiction of this Court.

38.

Kent may be served with process at his residence located at 5240 Mount Vernon Parkway, NW, Atlanta, GA 30327.

39.

Polk resides within Greene County, Georgia.

40.

At all times material hereto, Polk exercised operational control over the work activities of Plaintiff.

41.

At all times material hereto, Polk was involved in the day to day operation of American Senior in which Plaintiff worked.

42.

At all times material hereto, American Senior vested Polk with supervisory authority over Plaintiff.

43.

At all times material hereto, Polk exercised supervisory authority over Plaintiff.

44.

At all times material hereto, Polk scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

45.

At all times material hereto, Polk exercised authority and supervision over Plaintiff's compensation.

46.

At all times material hereto, Polk has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

47.

Polk is subject to the personal jurisdiction of this Court.

48.

Polk may be served with process at his residence located at 1651 Lighthouse Circle, Greensboro, Georgia 30642.

49.

At all times relevant to this suit and while an employee of American Senior, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. §  213.

50.

At all times relevant to this suit and while an employee of American Senior, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

51.

At all times relevant to this suit and while an employee of American Senior, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

52.

At all times relevant to this suit and while an employee of American Senior, Plaintiff  was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

53.

At all times relevant to this suit and while an employee of American Senior, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of  29 USC § 213 (a).

54.

From November 21, 2011 through February 2012, American Senior misclassified Plaintiff as an independent contractor.

55.

From November 21, 2011 through February 2012, Plaintiff was an employee of American Senior.

## COUNT I -  FAILURE TO PAY OVERTIME

### 56.

The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

### 57.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

### 58.

During her employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

### 59.

Defendants failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from November 21, 2011 through April 2, 2013.

60.

Defendants willfully failed to pay Plaintiff at one and one half times her regular rate for work in excess of forty (40) hours in any week from November 21, 2011 through April 2, 2013.

61.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

62.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to her litigation costs, including her reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT II – BREACH OF CONTRACT

64.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

65.

Plaintiff and American Senior were parties to a contract of employment (hereafter "the Contract") from on or about November 21, 2011 through April 2, 2013.

66.

The Contract provided that American Senior would pay Plaintiff for accrued vacation time earned by Plaintiff.

67.

Defendant's failure to pay Plaintiff for two weeks of accrued and owed vacation time constitutes a material breach of the Contract.

68.

As the direct and foreseeable result of this breach, Plaintiff has sustained damages in an amount to be proved at trial.

## COUNT III - PROMISSORY ESTOPPEL

### 69.

The allegations contained in Paragraphs above are incorporated by reference as if fully set out in this Paragraph.

### 70.

On November 21, 2011, American Senior promised to pay Plaintiff for accrued vacation time in return for Plaintiff's services as a Membership Coordinator for them.

### 71.

American Senior should have reasonably expected that Plaintiff would induce action in reliance of said promise, i.e., serve as a Membership Coordinator for Defendant.

### 72.

American Senior promise induced Plaintiff to act in reliance thereof, i.e., to serve as a Membership Coordinator for Defendant, to her detriment.

73.

Plaintiff's service as a Membership Coordinator for American Senior conferred a benefit on Defendant.

74.

American Senior failed to pay Plaintiff in accordance with their promise.

75.

Plaintiff relied on Defendant's promise.

76.

Plaintiff's reliance on Defendant's promise was reasonable.

77.

Injustice can only be avoided by enforcement of Defendant's promise.

78.

Plaintiff is entitled to a recover from American Senior the reasonable value of the two weeks of accrued vacation time, in an amount to be determined at trial.

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff have and recover judgment against Defendant American Senior for the pendent State claims herein asserted in amounts to be proved at trial;

4. That Plaintiff be awarded her costs of litigation, including her reasonable attorneys' fees from Defendants; and

5. For such other and further relief as the Court deems just and proper.

        Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/S/CHARLES R. BRIDGERS
3100 CENTENNIAL TOWER          CHARLES R. BRIDGERS
101 MARIETTA STREET            GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                 /S/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)             KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   GA. BAR NO. 262375
charlesbridgers@dcbflegal.com

COUNSEL FOR PLAINTIFF