IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHELSEA MAGEE, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action Number: |
| vs. | : |
| | : 1:13-cv-01232-ODE |
| AMERICAN SENIOR ASSOCIATION | : |
| HOLDING GROUP, INC., PHILLIP | : |
| KENT, and CHRISTOPHER POLK, | : |
| | : |
| Defendants. | : |

**JOINT MOTION FOR
APPROVING SETTLEMENT AGREEMENT AND RELEASE
AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Chelsea Magee ("Plaintiff") and Defendants American Seniors Holding Group, Inc., Phillip Kent and Christopher Polk, ("Defendants") (collectively the "parties"), by and through their respective undersigned counsel, hereby file this Joint Motion for Approving Settlement Agreement and Release and Memorandum of Law in Support. The parties state the following in support:

1. Plaintiff worked for Defendant, from November 21, 2011 until April 2, 2013, as a membership coordinator.

2. On April 16, 2013, Plaintiff filed a Complaint against Defendant alleging violations of the Fair Labor Standards Act pursuant to 29 U.S.C. § 216(b) and

1

Georgia common law and seeking recovery of unpaid overtime compensation, unpaid vacation pay, liquidated damages, and attorney's fees and costs.

3. On May 14, 2013, Defendant filed an Answer to Plaintiff's Complaint denying liability.

4. On Tuesday, October 8, 2013, the parties, without admitting liability, agreed to resolve the claims asserted by Plaintiff in the instant action pending Court approval.

7. The parties entered into a separate written Settlement Agreement and Release (the "Agreement") that memorializes the terms of the settlement. The parties agreed that they would submit the instant Joint Motion to this Honorable Court requesting the Court's approval of the Agreement.

8. Pursuant to the Fair Labor Standards Act ("FLSA"), the Court must review and approve agreements settling alleged violations of the FLSA. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945); *see also Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) (holding claims for back wages arising under the FLSA may be settled or compromised only with the approval of the Court or the Secretary of Labor). Accordingly, the parties are submitting a copy of the fully executed Agreement for the Court's review,

ratification, and approval. A copy of the executed Settlement Agreement is attached as Exhibit A.

9. A proposed Order approving the Settlement Agreement is attached hereto as Exhibit B.

## ARGUMENT AND CITATION OF AUTHORITY

In order to approve a settlement of overtime claims proposed by an employer and an employee, a court must determine that the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores, Inc.*, 679 F.2d at 1355. If a settlement in an employee FLSA suit reflects a "reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

### I.   APPROVAL OF PAYMENT TO PLAINTIFF

In determining whether the settlement is fair, adequate, and reasonable, courts typically examine the following factors:

    (1) the existence of collusion behind the settlement;
    (2) the complexity, expense, and likely duration of the litigation;
    (3) the stage of the proceedings and the amount of discovery completed;
    (4) the probability of plaintiff's success on the merits;
    (5) the range of possible recovery; and
    (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1530-31, n6 (11th Cir. 1994); *Garcia v. Riccy's Landscaping Servs., Inc.*, No. 6:08-cv-706-Orl-28GJK, 2009 WL 347418 at *2 (M.D. Fla. Feb. 11, 2009); *Hitchcock v. Orange County, Fla.*, No. 604CV1722ORL28JGG, 2006 WL 3614925 at *3 (M.D. Fla. Dec. 11, 2006).

Further, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) (noting that the Eleventh Circuit Court of Appeals "favor[s] and encourage[s] settlements in order to conserve judicial resources.").

1. <u>The Possible Existence of Collusion</u>.

The parties and their respective counsel engaged in good faith negotiations since the filing of this lawsuit. Defendants, while admitting that Plaintiff, as a membership coordinator, was not exempt from the overtime provisions of the FLSA, disputed the number of hours claimed by Plaintiff. Plaintiff, through counsel, presented Defendants with Plaintiff's analysis of the potential maximum liability that Plaintiff anticipated she could recover in this case if all of the disputed issues were resolved in Plaintiff's favor. This analysis of potential maximum liability included rejection of Defendant's defenses that Plaintiffs stated hours were falsely reported, or in excess of those hours actually worked. The analysis

assumed Plaintiff was paid her hourly rate for all hours reported and calculated overtime pay at a rate of one half his hourly rate for all hours reported in excess of 40 per work week. The analysis rejected any of Defendants' "good faith" defenses to a presumptive award of liquidated damages in an amount equal to Plaintiff's overtime wages and allowed full credit for all of Plaintiff's self-reported hours of work. In response, Defendant presented Plaintiff with alternative analyses that even if liable for overtime wages the Court could decline to award liquidated damages and that Defendant might establish inflation in the Plaintiff's self-reported hours of work.

The parties ultimately reached an agreement to the terms presented in the attached Agreement. Thus, the settlement in this case is the ultimate result of negotiated arms-length negotiations by parties who were well represented by counsel and made aware of all potential outcomes.

2. The complexity, expense, and likely duration of the litigation.

The Agreement allows Plaintiff to recover a substantial recovery now, without suffering the delay and risk of litigating the claims. In this matter, further litigation will require significant additional time and the expenditure of additional resources. Fees and costs would continue to increase, and could eventually eclipse the value of plaintiff's maximum possible overtime wages and liquidated damages.

By settling now, Plaintiff significantly reduced her attorney's fees. Further, to prove the amount of the claims with certainty, additional discovery would have to be had into liability, defenses, and individual damages, including multiple witness depositions.

3. <u>The Stage of the Proceedings and the Amount of Discovery Completed</u>.

This factor considers whether the parties have had the opportunity to fully evaluate the claims. *Carnegie v. Mutual Sav. Life Ins. Co.*, No. Civ. A. CV-99S3292NE, 2004 WL 3715446, *22 (N.D. Ala. 2004); *Meyer v. Citizens and Southern Nat. Bank*, 677 F. Supp. 1196, 1209-10 (M.D. Ga. 1988) citing *Holmes v. Continental Can Company*, 706 F.2d 1144, 1149 (11th Cir. 1983).

In this case, Defendant acknowledges that Plaintiff, as a membership coordinator, was not exempt from the overtime provisions of the FLSA. Defendant disputed the number of hours self-reported by Plaintiff, Counsel engaged in negotiations to resolve this matter during which each party raised their concerns and responses to the issue of the hours self-reported by Plaintiff. As a result of all of these negotiations, the Parties had sufficient information upon which to assess the potential merit of the claim, ultimate liability, and the apparent risk of proceeding to trial.

4. <u>The Probability of Plaintiff's Success on the Merits</u>.

Defendant disputes the number of hours self-reported by Plaintiff. Plaintiff asserts factual and legal support of the number of hours reported. Thus, Defendant disputes whether Plaintiff would be entitled to any overtime compensation in this lawsuit, and the parties disagree on the amount of liability Plaintiff might ultimately recover.

5. <u>The Range of Possible Recovery</u>.

"[T]here is a range of reasonableness with respect to a settlement—a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).

The parties settlement includes an amount of back pay giving Plaintiff full credit for the amount of overtime agreed upon. The settlement amount also includes an equal amount of the overtime pay in liquidated damages and attorney fees.

6. <u>Counsels' Opinions</u>.

Based on counsel's evaluation of the claims and defenses, the parties negotiated a fair settlement for the Plaintiff. By settling, Plaintiff avoids delay in payment, costs of litigation and risks of trial. Plaintiff and Defendants avoid

potential adverse determinations, such as reduction of the hours claimed or increased liquidated damages and attorney fees. Plaintiff's counsel recommends acceptance of this settlement as well within the range of Plaintiff's potential outcomes.

## II.     APPROVAL OF PAYMENT OF ATTORNEY'S FEES

The Fair Labor Standards Act ("FLSA") requires that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The Supreme Court has held that a party is a "prevailing party" for purposes of an attorneys' fee award if the party "succeeded on any significant claim affording it some of the relief sought." *Texas State Teachers' Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791 (1989). In the instant action, Plaintiff stands to recover a settlement payment equal to amounts which would be awarded if Plaintiff recovered amounts for hours claimed. Thus, Plaintiff is entitled to payment of her attorney's fees and costs in this action by Defendant.

This was an individual overtime case rather than a collective action under the FLSA, and the Agreement specifically provides for separate payment amounts

to Plaintiff for her overtime and liquidated damages and attorney's fees. Therefore, as the court recognized in *Dail v. George A. Arab Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005), the Court is not required to determine the amount of the fee award, or to assess the reasonableness of the amount agreed upon by the parties:

> The FLSA does not require the court to assess the fairness of an agreed payment of attorneys' fees in settling an individual action. Indeed, the purpose of the fairness review is to ensure that an employer does not take advantage of an employee in settling his claim for wages, and not to ensure that the employee does not overcharge the employer. *See Lynn's Food Stores*, 679 F.2d at 1354. In an individual FLSA claim, where separate amounts are set forth for the payments of unpaid wages and payments for attorney's fees, the Court has greater flexibility in exercising its discretion in determining the reasonableness of the attorneys' fee.

Moreover, because Defendants have agreed to and do not oppose the amount or reasonableness of the liquidated damages and attorney's fees to be paid to Plaintiff, the Court need not conduct an evidentiary inquiry into the reasonableness of the hourly rate charged by Plaintiff's counsel or the amount of the total fees incurred. *See Dail, supra*, 391 F. Supp. 2d at 1147 (holding that because Defendant joined in the motion for approval of the settlement amounts, "[t]he Court, therefore, finds it unnecessary to inquire into the reasonableness of the

hourly rate charged by Plaintiff's counsel, and accepts the parties' stipulation as to the reasonableness of the attorneys' fees and costs.").

## CONCLUSION

The parties respectfully request that the Court enter the attached Order approving the Settlement Agreement and Release attached hereto as Exhibit B.

Respectfully submitted this 30th day of December, 2013.


/s/ Kevin D. Fitzpatrick, Jr.
Kevin D. Fitzpatrick, Jr.
Georgia Bar No. 262375
Attorneys for Plaintiff
Delong, Caldwell, Bridgers &
Fitzpatrick, LLC
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303-1741

/s David S. Fried
David S. Fried
Georgia Bar No. 277319
Attorneys for Defendants
Fried & Bonder, LLC
White Provision, Suite 305
1170 Howell Mill Rd., N.W.
Atlanta, GA 30318

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 30th, 2013, the foregoing Joint Motion for Stipulated Judgment Approving Settlement Agreement and Release and Memorandum of Law in Support was filed electronically with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Kevin D. Fitzpatrick, Jr.
Charles R. Bridgers
Delong, Caldwell, Bridgers & Fitzpatrick, LLC
3100 Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303-1741

/s David S. Fried
David Fried
Georgia Bar No. 277319
Attorneys for Defendants
FRIED & BONDER, LLC
White Provision, Suite 305
1170 Howell Mill Rd., N.W.
Atlanta, Georgia 30318
404-995-8808
dfried@friedbonder.com